UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> v. <br><br> WENDY ESTRADA-RUBIO, <br><br> Defendant/Petitioner. | Civil No. 13-CV-2354-JLS <br> Criminal No. 12-CR-2050-JLS <br><br> **ORDER DISMISSING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 and DENYING CERTIFICATE OF APPEALABILITY** <br><br> (ECF No. 37) |

Currently pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody brought pursuant to 28 U.S.C. § 2255. The Court has reviewed the record in this case which establishes that Petitioner waived both her right to appeal and to collaterally attack her conviction and sentence. (Plea Agreement, ECF No. 15 at 10-11.) Petitioner's motion raises no challenge to the validity of this waiver,[1] therefore this Court lacks jurisdiction to consider any collateral challenge to her conviction and sentence. *See Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir. 2005) (recognizing that sentencing agreement's valid waiver of the right to file a federal

---

[1] The sole basis for relief presented in Petitioner's motion is "lack of attorney's support" during post-plea sentence mitigation efforts with the Government.

habeas petition deprives district court of jurisdiction to hear case).

Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 is **DISMISSED**. Additionally, the Court **DENIES** Petitioner a certificate of appealability, as Petitioner has not made a substantial showing that she has been denied a constitutional right. *See* 28 U.S.C. § 2253(c) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right").

**IT IS SO ORDERED.**

DATED: August 23, 2016

Honorable Janis L. Sammartino
United States District Judge